Malkiewicz v Acquisition Am. XI LLC (2024 NY Slip Op 06542)

Malkiewicz v Acquisition Am. XI LLC

2024 NY Slip Op 06542

Decided on December 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 24, 2024

Before: Kern, J.P., Singh, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 156163/22 Appeal No. 3323 Case No. 2024-01754 

[*1]Diane Malkiewicz et al., Respondents,
v
Acquisition America XI LLC, Appellant.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for appellant.
Himmelstein McConnell Gribben & Joseph LLP, New York (Jesse Gribben of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about January 2, 2024, which denied defendant-landlord's motion for summary judgment on its counterclaims for a declaration that plaintiffs-tenants' apartment is not rent-stabilized and for attorneys' fees and dismissing plaintiff's claims for injunctive relief, rent overcharges, and attorneys' fees, unanimously affirmed.
Plaintiffs, tenants in a residential building owned by defendant, allege that the apartment was improperly decontrolled and deregulated in 2008, after the rent-controlled tenant vacated the apartment. Although no administrative fair market rent appeal was timely filed within the next four years, "[i]t is well settled that a tenant may challenge the ostensibly deregulated status of a dwelling at any time during their tenancy" (Thurman v Sullivan Props. L.P., 226 AD3d 453, 454 [1st Dept 2024]). Thus, plaintiffs are not time-barred from challenging the rent stabilization status of the apartment.
Defendant's motion for summary judgment on the declaratory judgment counterclaim was properly denied. Defendant submitted the first lease post-decontrol, which provided for a monthly rent of $2,125, which was above the then-applicable high-rent vacancy deregulation threshold of $2,000, and evidence that the tenant paid that amount for one year. The first lease was properly authenticated by defendant's managing agent, who also provided a foundation for admitting the lease as a business record (see JP Morgan Chase Bank, N.A. v Clancy, 117 AD3d 472, 472 [1st Dept 2014]; CPLR 4518[a]). While this evidence could support a finding that the apartment became deregulated (see Matter of Gavrielov v Unger Consulting Group Ltd., 173 AD3d 443, 444 [1st Dept 2019]; former Rent Stabilization Code [9 NYCRR] § 2520.11[r][4]), defendant also submitted evidence that the first tenant vacated after one year and the next two leases for the apartment provided for monthly rent of about $1,700, below the threshold rent required for high-rent vacancy destabilization. It is also notable that the first tenant's rent was never registered with the New York Division of Housing and Community Renewal. Finally, plaintiffs stress that the rent-controlled tenant who vacated in 2008 was paid $20,000 to surrender the apartment, which indicates an intent on the part of defendant to deregulate it. Under the circumstances, defendant did not eliminate all triable issues of fact as to whether its purported high-rent destabilization of the apartment was legal and legitimate (see Thurman, 226 AD3d at 453).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 24, 2024